I agree with all of the above reasoning. I write separately to emphasize only one issue: that generally, either reversal or mistrial because of improper prosecution tactics will not prevent a retrial.
Smith makes the argument that there should be no difference between a mistrial granted because of prosecutorial misconduct and an appellate reversal based on the same misconduct. While I agree, the point does not benefit the defendant here: even if there is no difference, the general rule prevails that the defendant may be retried after either. In this case, there is no suggestion of the type of prosecution action that would implicate the Double Jeopardy Clause. There almost never is. And a retrial after reversal or mistrial is generally proper.
But despite dictum to the contrary, I believe that, in the extremely rare case, where a prosecutor has intentionally attempted to subvert the protections afforded by the Double Jeopardy Clause, there should be no distinction between a mistrial and a reversal.[18] Thus, if the prosecution fears that its case has fallen apart, or learns of a missing necessary witness, and intentionally attempts to derail the trial so that it can have another chance, then double jeopardy will prevent a retrial. Double jeopardy applies regardless of whether the trial court appropriately rules for a mistrial on the misconduct or mistakenly overrules a motion for a mistrial and we later correct the error. In both cases, the reason for the double-jeopardy protections apply — the state is attempting to have more than one chance to convict.
As the majority correctly notes, the Ohio Supreme Court has expressed an unwillingness to offer the protection of double jeopardy when prosecutorial misconduct is the basis for a successful appeal.[19]
Despite the apparent sweeping intent of this dictum, the court has never been confronted with the rare case in which an appellate court has been required to reverse a trial court's decision because the prosecution has intentionally attempted to subvert double- jeopardy protections. Were the court to face such circumstances, I am certain that would conclude, as do I, that double-jeopardy protection is warranted. But the court may never have to decide the issue because the situation may be so rare as to be almost nonexistent.
[18] See Oregon v. Kennedy (1982), 456 U.S. 667, 675-676,102 S.Ct. 2083, 2089.
[19] See State v. Keenan (1998), 81 Ohio St.3d 133, 141, 689 N.E.2d 929,940.